U.S. Department of Justice          Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

---

File: A███ 662 – San Francisco, CA      Date: **JUN 2 8 2016**

In re: P███ A███ A███-R███

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Holly S. Cooper, Esquire

ON BEHALF OF DHS: Jennifer L. Castro
                             Assistant Chief Counsel

APPLICATION: Redetermination of custody status

     The respondent, a native and citizen of El Salvador, is an unaccompanied alien child ("UAC") in the custody of the U.S. Health and Human Services ("HHS"), Office of Refugee Resettlement ("ORR"). On February 9, 2016, the Immigration Judge denied the respondent's motion for a bond hearing, concluding that he lacked jurisdiction. The Immigration Judge issued a memorandum on March 7, 2016, further explaining the reasoning for his decision. The respondent has appealed the Immigration Judge's decision and the Department of Homeland Security ("DHS") has filed a response brief. The appeal will be dismissed.

     The Board reviews an Immigration Judge's findings of fact for clear error. 8 C.F.R. § 1003.1(d)(3)(i). We review issues of law, discretion, or judgment de novo. 8 C.F.R. § 1003.1(d)(3)(ii).

     We affirm the decision under review. It is well established that Immigration Judges only have authority to consider matters that are delegated to them by the Attorney General and the Immigration and Nationality Act. *Matter of A-W-*, 25 I&N Dec. 45, 46 (BIA 2009). Furthermore, the jurisdiction of Immigration Judges to redetermine custody status under 8 C.F.R. 1236.1(d) is limited to cases in which the DHS has made a custody determination (I.J. Bond Memo. at 1). *See* 8 C.F.R. § 1003.19(a) ("Custody and bond determinations made by the *service* pursuant to 8 CFR part 1236 may be reviewed by an Immigration Judge pursuant to 8 CFR part 1236.") (emphasis added). The Immigration Judge properly denied the respondent's motion due to lack of jurisdiction because the respondent is in the custody of the ORR and not the DHS. In this regard, the respondent has identified no statute or regulation authorizing Immigration Judge review of ORR custody decisions involving UAC's.

     The respondent argues that the Homeland Security Act of 2002 ("HSA"), Pub. L. 107-296, 116 Stat. 2135, and the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), Pub. L. No. 110-457, 122 Stat. 5044, expanded protection for UAM's and thus provide authority for a custody hearing before an Immigration Judge when a UAC is detained by the ORR. However, these laws specifically provide that the responsibility for care

and custody of UAM's is transferred *from* the Commissioner of the former Immigration and Naturalization Service *to* HHS/ORR. *See* 6 U.S.C. § 279(a), (b)(1)(A); 8 U.S.C. § 1232(b)(1) (emphasis added). Both the TVPRA and the HSA also outline specific procedures for the safety and welfare of UAC's that do not include Immigration Judge jurisdiction over placement or release of UAC's in HHS custody. *See* 6 U.S.C. §§ 279(a)-(b); 8 U.S.C. §§ 1232(b)-(c). We therefore reject the respondent's argument that the HSA and TVPRA provide jurisdiction for an Immigration Judge to determine the custody of UAM's like the respondent who are detained by ORR.

We also disagree with the respondent's contention that the *Flores* Settlement Agreement ("FSA"), *see Flores v. Reno*, Case No. 85-4544 (C.D. Cal. July 11, 1985), requires UAC's in ORR's custody to be afforded a bond hearing before an Immigration Judge. By enacting the HSA and the TVPRA after the FSA, Congress gave the Secretary of HHS—and not the DHS or Immigration Judges—the authority to make and review placement decisions for UAC's. *See* 8 U.S.C. § 1232(c)(2)(A). We hold that in so doing, Congress superseded ¶ 24 of the FSA. *See Milwaukee v. Illinois*, 451 U.S. 304, 313-15 (1981).

Finally, the Board is not empowered to determine the constitutionality of the statutes and regulations that we administer. *See Matter of C-*, 20 I&N Dec. 529, 532 (BIA 1992); *Matter of Valdovinos*, 18 I&N Dec. 343, 345-46 (BIA 1982). Congress has provided that HHS is charged with administering the statutes at issue here. Therefore, we decline to decide whether the procedures created by Congress governing the care and custody of UAM's do not comport with due process, as the respondent argues on appeal.

Accordingly, the following order is entered.

ORDER: The appeal is dismissed.

_____
FOR THE BOARD