UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILSA SARAVIA,<br><br>             Plaintiff,<br><br>     v.<br><br>JEFFERSON B. SESSIONS, et al.,<br><br>             Defendants. | Case No.  17-cv-03615-VC<br><br>**QUESTIONS FOR HEARING** |

At tomorrow's hearing, the parties should be prepared to discuss at least the following questions:

1. On the issue of who is the proper respondent:

    - What authorities exist (in the criminal or immigration habeas context) for or against naming the warden of a state or local facility as respondent when a federal prisoner or detainee is held in a state or local facility?  *See, e.g.*, *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006).

    - Are there any examples from the criminal habeas context where a prisoner was in federal or state custody but detained in a privately run facility (through contract with the federal or state government), and where the habeas petition named the head of the privately run facility as the respondent?

    - In several immigration habeas cases, the United States has taken the position that the agency's district director is the appropriate respondent.  *See, e.g.*, *Armentero v. I.N.S.*, 412 F.3d 1088, 1096 (9th Cir. 2005); *Castillo-Hernandez v. Longshore*, 6 F. Supp. 3d 1198, 1208 (D. Colo. 2013).  On what basis has the United States

    changed its position on the immediate custodian issue?

2. On the claims relating to access to the courts and access to counsel:

    - Shouldn't it be easy to get continuances of the July 6 and 7 hearings? Has the detainee's counsel sought continuances? If not, why not?

3. On the procedural due process claims:

    - Is the general rule that ICE has the authority to arrest and detain anyone who is removable? If so, is the petitioner contending that the due process clause creates an exception for unaccompanied minors placed with family by ORR? If so, what authority supports this?

    - Is the petitioner making a procedural due process claim based on the failure to adequately consider whether the detainee warrants placement in a secure facility? If so, what support is there for the notion that this is a due process issue (as opposed to just a TVPRA issue)?

4. On the issue of relief:

    - Assuming it would be easy to get the July 6 and 7 hearings continued, why isn't the petitioner seeking less drastic relief, such as an order requiring that the detainee be placed in a less restrictive facility of ORR's choosing, or even merely an order requiring ORR to give proper and prompt consideration to whether the detainee should be placed in a less restrictive facility?

**IT IS SO ORDERED.**

Dated: June 28, 2017

                                                      VINCE CHHABRIA
                                                      United States District Judge