| | |
|---|---|
| Martin S. Schenker<br>+1 415 693 2154<br>mschenker@cooley.com | Sarah B. Fabian<br>+1 202 532 4824<br>Sarah.B.Fabian@usdoj.gov |

August 28, 2017

Honorable Vince Chhabria
United States District Court
Northern District of California

Re:  *Gomez, et al. ("Plaintiffs") v. Sessions, et al. ("Defendants")*, *Case No. 3:17-cv-03615-VC*

Dear Judge Chhabria:

Pursuant to this Court's Standing Order for Civil Cases, ¶ 17, the Parties hereby submit this joint letter regarding disputed discovery matters (the "Letter").[1] Plaintiffs seek expedited discovery from two Defendants of documents that Plaintiffs contend are necessary to enable them to present a motion for preliminary injunction, as described more fully below; Defendants contend that such discovery is not warranted at this time. The Parties have met and conferred telephonically and in writing regarding the matters set forth herein. Despite good faith effort to reach a resolution, however, outstanding issues remain as to whether and to what extent Defendants will produce documents.

**I.     Background**

Plaintiffs are the next friends of three immigrant children (the "Named Children") who were arrested by U.S. Immigration and Customs Enforcement ("ICE"), and are currently in the custody of the U.S. Department of Health and Human Services ("HHS"), Office of Refugee Resettlement ("ORR"). Defendants are individuals from the U.S. Department of Homeland Security ("DHS"), ICE, HHS, ORR, and ORR contractors, sued solely in their official capacities. On August 11, 2017, Plaintiffs filed their First Amended Petition for Writ of Habeas Corpus and Class Action Complaint for Injunctive and Declaratory Relief (the "Amended Complaint"), asserting statutory and constitutional claims on behalf of the Named Children as well as a putative class of unaccompanied alien children as described in Plaintiffs' First Amended Complaint.

On August 16, 2017, Plaintiffs served Requests for Production of Documents on Elaine Duke, Acting Secretary of DHS (the "DHS Requests"), and Thomas Price, M.D., Secretary of HHS (the "HHS Requests", together with the DHS Requests, the "Requests"). Copies of the Requests are attached hereto as Exhibits 1 and 2. In light of ORR's ongoing custody of the Named Children, Plaintiffs requested that Defendants produce responsive documents within 18 days, or by September 5, 2017. In ensuing meet and confer discussions, Plaintiffs proposed that Defendants prioritize their production in response to those requests that seek documents regarding the Named Children. Plaintiffs have subsequently offered to narrow the Requests even further for the purposes of expedited discovery, as set forth below.

Prior to the submission of this Letter, HHS agreed to provide an "expedited/preliminary" production of documents in response to HHS Requests 2-6, 12-13 and 17 by September 8, 2017, and to HHS Request 11 by September 18. ICE has not agreed to any expedited production in response to the Requests.

---

[1] Plaintiffs believe that this is the proper mechanism for raising issues related to expedited discovery. Defendants disagree, and request the opportunity to fully brief this issue, on an expedited basis if necessary, and to appear personally to argue the motion on the record. Because Plaintiffs informed Defendants that they intended to submit this letter, Defendants have made their arguments herein to the best of their ability.

Martin S. Schenker                                                                              Sarah B. Fabian
+1 415 693 2154                                                                                 +1 202 532 4824
mschenker@cooley.com                                                        Sarah.B.Fabian@usdoj.gov

## II.   Plaintiffs' Position

Plaintiffs intend to file a motion for a preliminary injunction (the "PI Motion") to vindicate the statutory and constitutional rights of the Named Children and other unaccompanied alien children ("UCs") who have previously been released by ORR to live with a parent or other sponsor, and are subsequently arrested and incarcerated in remote facilities based on flimsy, unreliable, and unsubstantiated allegations of gang affiliation.  Plaintiffs' Requests are narrowly tailored to documents necessary to briefing on the PI Motion.

In meet and confer discussions, HHS has agreed to produce documents responsive to certain Requests.  DHS has so far refused to produce any documents at all.  Plaintiffs seek to compel DHS to produce documents in the categories to which HHS has already agreed, and to compel both Defendants to produce certain additional documents, as follows:

First, DHS should be ordered to produce by September 8 (23 days from service of the Requests), documents that correspond to ***categories of documents that HHS has already informally agreed to produce***.  These documents concern (a) the process that led to the arrest of the Named Children and the criteria used to identify them for arrest (DHS Requests 2, 5 and 15); (b) the steps Defendants took to corroborate information provided by ICE to ORR about each Named Child in connection with decisions to detain the Named Children in secure facilities (DHS Requests 11 and 12); and (c) Defendants' intake, interrogation and detention of the Named Children (DHS Requests 3 and 4).  The critical nature of this information is demonstrated by the striking admission of defendant Brent Cardall, Chief Probation Officer of Yolo County, that federal immigration authorities failed to provide required evidence of gang affiliation for most undocumented minors incarcerated in Yolo following the recent law enforcement sweep against the MS-13 gang in Long Island.  *See* Anita Chabria, *Feds Failed to prove undocumented teens sent to jail were gang members, officials say,* The Sacramento Bee (August 26, 2017, 4:00 AM), http://amp.sacbee.com/news/local/article169472962.html.

Second, both Defendants should be ordered to produce by September 18 (33 days from service of the Requests) documents responsive to all remaining Requests other than Request 1, which Plaintiffs are willing to defer.  These documents concern (a) Defendants' practices and policies for targeting for arrest UCs alleged or suspected to be affiliated with gangs (DHS Requests 6-10; HHS Requests 7-10); (b) information about other UCs detained under circumstances similar to those of the Named Children (DHS Request 13; HHS Requests 14 and 15); and documents concerning policies related to detention of UCs arrested with allegations of gang affiliation (DHS Request 14; HHS Requests 16 and 19).

Third, that in producing responsive documents, in lieu of being required to conduct a complete review of all ESI at this time, both DHS and HHS be ordered to conduct a limited, good faith review of key custodians' email to locate responsive documents.

As noted, Plaintiffs have agreed to narrow their Requests to focus on the most critical documents needed for the PI Motion and to minimize the Defendants' burden of compliance.  Specifically, for purposes of their expedited discovery Plaintiffs agreed:  (1) not to seek any documents responsive to Request 1; (2) to revise HHS Requests 7 and 8 and DHS Requests 6 and 7 by replacing "Any and all documents related to" with "Documents sufficient to show"; and (3) to revise HHS Request 9 and DHS Request 8 by deleting the phrase "Any and all documents related to".

So narrowed, Plaintiffs' discovery requests should be permitted under the well-established standard for permitting expedited discovery in aid of a motion for preliminary injunction.  Courts in the Ninth Circuit

Martin S. Schenker
+1 415 693 2154
mschenker@cooley.com

Sarah B. Fabian
+1 202 532 4824
Sarah.B.Fabian@usdoj.gov

find that "good cause" exists for expedited discovery "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In making this determination, courts consider the following five factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elec. Co., Ltd.*, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) (quoting *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)). Here, the weight of these factors tips sharply in favor of Plaintiffs' request for expedited discovery.

1. Whether a Preliminary Injunction is Pending. This factor does not require that a PI motion be already pending. *See Apple*, 2011 WL 1938154, at *2 (citing *Interserve, Inc. v. Fusion Garage PTE, Ltd.,* No. C 09–05812 JW (PVT), 2010 WL 143665, at *2 (N.D. Cal. Jan.7, 2010)). It is sufficient that Plaintiffs will soon be filing a PI Motion that would be significantly aided by the discovery sought by the Requests. *Id.*

2 & 3. The Breadth of the Discovery Requests and the Purpose for Requesting the Expedited Discovery. Plaintiffs narrowly tailored the Requests in both scope and time to seek only those documents necessary to the briefing on their PI Motion. In the course of the meet and confer process, Plaintiffs narrowed their Requests further, as discussed above. The documents sought by Plaintiffs go directly to the likelihood that Plaintiffs will succeed on their claims that Defendants' policies and practices violate the statutory and constitutional rights for the Named Children and members of the putative class.

Defendants assert that Plaintiffs' request for expedited discovery is improper because of their claims that Plaintiffs' PI Motion lacks merit and that this Court lacks jurisdiction over Plaintiffs' claims. These arguments will be decided in due course, in accordance with the Parties' agreed upon schedule, but are not relevant to the Ninth Circuit's five-factor test for expedited discovery. Moreover, these arguments are dramatically outweighed by the liberty interests of the Named Children and other UCs who are being unlawfully incarcerated in remote locations based on flimsy and unreliable evidence of gang affiliation.

4. The Burden on Defendants to Comply. Compliance with the Requests, as modified by Plaintiffs' additional concessions, would impose only a minimal burden on Defendants. At Defendants' request, Plaintiffs agreed to forego an ESI collection and review, replacing it with a request for a limited keyword search of e-mails of a handful of computers. HHS already has agreed to provide an expedited production in connection with ***more than one-half of the Requests***, underscoring the Requests' narrow focus. There is no apparent justification for a sister agency, DHS, to refuse to do the same.

5. How Far in Advance of the Typical Discovery Process the Request Was Made. Courts applying the "good cause" standard have found that, if the other factors are satisfied, it is appropriate to approve expedited discovery months before it would normally be available, particularly where the discovery is sought in connection with a PI Motion. *See, e.g. Apple*, 2011 WL 1938154, at *2; *Hardie*, 2013 WL 1399333, at *2.

*   *   *   *   *

In sum, the factors tip sharply in favor of granting Plaintiffs' request for expedited discovery. Plaintiffs respectfully request that the Court grant Plaintiffs' request for such discovery to enable them to obtain evidence that is critical to the Court's adjudication of Plaintiffs' PI motion.

Martin S. Schenker
+1 415 693 2154
mschenker@cooley.com

Sarah B. Fabian
+1 202 532 4824
Sarah.B.Fabian@usdoj.gov

3

Martin S. Schenker
+1 415 693 2154
mschenker@cooley.com

Sarah B. Fabian
+1 202 532 4824
Sarah.B.Fabian@usdoj.gov

### III.     Defendants' Position

Generally, discovery will not commence until after the conference required by Federal Rule of Civil Procedure 26(f); however, a court may permit expedited discovery for good cause. *See Am. Legal Net, Inc v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *see also Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F. R. D. 618, 623 (N.D. Ill. 2000) (noting that "[e]xpedited discovery is not the norm"). Because the purpose for Plaintiffs' expedited discovery request is flawed (*i.e.* Plaintiffs are requesting expedited discovery to support an improper preliminary injunction motion), and Plaintiffs significantly underestimate the breadth of their discovery and the burden that responding to it on an expedited basis would place on Defendants, Plaintiffs' motion for expedited discovery should be denied. Moreover, Plaintiffs' premature service of discovery requests should not factor into any future schedule for this case.

<u>Plaintiffs should not be permitted to seek expedited discovery to support an improper preliminary injunction motion</u>: The burden is on Plaintiffs to show that they have a compelling need for the expedited discovery they are seeking. *See Am. Legal Net, Inc.s*, 673 F. Supp. 2d at 1066. Plaintiffs' stated reason for seeking expedited discovery is their intent to seek preliminary injunctive relief against Defendants "to vindicate the statutory and constitutional rights" of the named Plaintiffs and putative class members – in other words, they seek to ask the Court to order the ultimate relief in this case on an expedited basis.

> It is so well settled as not to require citation of authority that the usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits. The hearing is not to be transformed into a trial of the merits of the action upon affidavits, and it is not usually proper to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial. This is particularly true where the relief afforded, rather than preserving the status quo, completely changes it.

*Tanner Motor Livery, Ltd. V. Avis, Inc.*, 316 F.2d 804, 808-09 (9th Cir. 1963); *see also Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (The purpose of temporary injunctive relief "is merely to preserve the relative positions of the parties until a trial on the merits can be held."). Where, as here, Plaintiffs intend to seek a preliminary injunction that would order the ultimate relief in this case on a preliminary and expedited basis, and would substantially alter the status quo, it is clear that they are seeking preliminary relief for an improper purpose. Thus, the Court should find that they are not entitled to expedited discovery in furtherance of this improper purpose. *See Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth*, 234 F. R. D. 4, 7 (D.D.C. 2006) ("Surely, plaintiffs are not seeking expedited discovery to gain evidence to get the court to preserve the status quo. They want to gather all the evidence they would need to radically transform the status quo, on an expedited basis. But, that is not the purpose of a preliminary injunction, nor of the limited discovery that the courts traditionally permit a plaintiff to have to secure it.").[2]

---

[2] Plaintiffs rely on *Apple Inc. v. Samsung Elec. Co., Ltd.*, 2011 WL 1938154 (N.D. Cal. May 18, 2011), to argue that expedited discovery is warranted where Plaintiffs will soon be filing a PI motion that would be aided by such discovery. This contention broadly overstates the holding of *Apple, Inc.* In that case, the plaintiff was exploring whether a preliminary relief was necessary to protect from infringement on its intellectual property and harm to its market share. *Id.* at *2. Preliminary injunctive relief is often necessary in infringement cases to preserve the status quo during the pendency of litigation. *Id.* Here, Plaintiffs do not seek to preserve any status quo. Thus, *Apple, Inc.*, is significantly distinguishable.

4

Martin S. Schenker
+1 415 693 2154
mschenker@cooley.com

Sarah B. Fabian
+1 202 532 4824
Sarah.B.Fabian@usdoj.gov

<u>Plaintiffs' Requests are not narrowly tailored, and responding to these requests on an expedited basis places significant burden on Defendants</u>: Plaintiffs contend that their requests "go obviously and directly to the likelihood that Plaintiffs will succeed on their claims that Defendants' policies and practices violate the statutory and constitutional rights for the Named Children and members of the putative class, as alleged in the Amended Complaint." Because Plaintiffs acknowledge that they are seeking expedited discovery to establish the very claims on which their Amended Complaint is based, and to seek ultimate relief in this case on an expedited basis through a preliminary injunction motion, the very nature of their discovery requests requires that they not be considered narrowly tailored. *See Palermo v. Underground Solutions, Inc*., No. 12-1223, 2012 WL 2106228, at *3 (S.D. Cal. June 11, 2012) (Plaintiff's proposed expedited discovery "requests are not narrowly tailored to obtain evidence relevant to [Plaintiff's] motion for preliminary injunction," but "[i]nstead ... appear[ ] to be a vehicle to conduct the entirety of his discovery prior to the Rule 26(f) conference.").

Moreover, Plaintiffs' requests are not narrowly tailored because they do not specifically identify files, documents, policies, or other materials that they need from Defendants. Instead, Plaintiffs served nearly twenty broad requests for production on each agency that in many instances seek "all communications" or "all documents" concerning agency actions, practices, or policies. *See, e.g.,* HHS RFPs 1-9, 11-13, 17-19; DHS RFPs 2-8, 10-12. Even with the minor changes proposed by Plaintiffs to some of these Requests, requests of this nature generally impose an obligation on the agencies to conduct an appropriately thorough investigation to ensure that "all" such materials are identified. And Plaintiffs further compound that burden by asking that Defendants be required to respond to such requests in much less time than would be afforded to them in the normal course of discovery under the Federal Rules of Civil Procedure. Defendants should not be required "to undertake a wide-ranging investigation to determine whether any such documents exist" on an expedited timeframe, because such a requirement would impose a significant burden on Defendants. *See Apple, Inc.* at *3.[3]

Finally, several of Plaintiffs' Requests not only seek materials related to the named Plaintiffs, but also seek materials related to putative class members despite the fact that no class has yet been certified. Plaintiffs' proposed class is not readily ascertainable, and expedited discovery as to minors who may or may not be class members in the future should not be permitted. Therefore, for all the above reasons, Plaintiffs' request for expedited discovery should be denied.

---

[3] Plaintiffs imply that HHS's good faith agreement to turn over some limited number of responsive documents on an expedited basis shows that their discovery requests do not impose burden on the agency Defendants. This is not the case. The requests to which HHS agreed to respond were those that requested information regarding HHS's actions with regard to the three named Plaintiffs. HHS remains concerned about the broad requests for all documents made by Plaintiffs, but agreed to provide expedited/preliminary responses to those requests in the form of the case files for the three named Plaintiffs. These case files are also available to Plaintiffs under HHS's normal request procedures, although HHS is agreeing to provide them here on an expedited basis. *See* ORR, Requests for UC Case File Information, available at: https://www.acf.hhs.gov/orr/resource/requests-for-uac-case-file-information. HHS did not agree to turn over communications or to conduct extensive searches for other materials that would not otherwise be available in those case files. Thus, this agreement by HHS to turn over a readily identifiable set of materials that HHS generally provides upon request in the ordinary course of business should not be read to otherwise imply that it would not burden the agencies to conduct the broad inquiries and searches for materials necessitated by Plaintiffs' requests.

| | |
|---|---|
| Martin S. Schenker<br>+1 415 693 2154<br>mschenker@cooley.com | Sarah B. Fabian<br>+1 202 532 4824<br>Sarah.B.Fabian@usdoj.gov |

Respectfully submitted,

*/s/ Martin S. Schenker*
Martin S. Schenker
Cooley LLP
*Attorneys for Petitioners/Plaintiffs Lorenza Gomez, Ilsa Saravia, and Wilfredo Velasquez, on behalf of themselves individually and others similarly situated.*

*/s/ Sarah B. Fabian*
Sarah B. Fabian
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
*Attorneys for Respondents/Defendants U.S. Department of Homeland Security and U.S. Department of Health and Human Services*

| | |
|---|---:|
| Martin S. Schenker<br>+1 415 693 2154<br>mschenker@cooley.com | Sarah B. Fabian<br>+1 202 532 4824<br>Sarah.B.Fabian@usdoj.gov |

<u>**ATTESTATION PURSUANT TO CIV. L.R. 5-1(i)(3)**</u>

I, Martin S. Schenker, attest that concurrence in the filing of this **JOINT LETTER REGARDING DISPUTED DISCOVERY MATTERS** has been obtained from the other signatory, Sarah B. Fabian.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th Day of August, 2017, in San Francisco, California.

*/s/ Martin S. Schenker*
Martin S. Schenker