PHILIP J. POGLEDICH, COUNTY COUNSEL (State Bar No. 197110)
philip.pogledich@yolocounty.org
ERIC MAY, SENIOR DEPUTY (State Bar No. 245770) - *Admission to N.D. Cal. Pending*
eric.may@yolocounty.org
OFFICE OF THE COUNTY COUNSEL
625 Court Street, Room 201
Woodland, CA 95695
Telephone: (530) 666-8172
Facsimile: (530) 666-8279

Attorneys for Defendant/Respondent BRENT CARDALL,
Chief Probation Officer of Yolo County
In His Official Capacity

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZA GOMEZ, as next friend for J.G., a minor, and on her own behalf, et al.,<br><br>    Petitioners/Plaintiffs on behalf of themselves individually and others similarly situated,<br><br>v.<br><br>JEFFERSON B. SESSIONS, et al.,<br><br>    Respondents/Defendants. | Case No. 3:17-cv-03615-VC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRENT CARDALL'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**<br><br>Date: October 26, 2017<br>Time: 10:00 a.m.<br>Judge: Vince Chhabria<br>Courtroom: 4 |

**I.     INTRODUCTION**

The First Amended Complaint ("FAC") is a habeas petition with accompanying complaint seeking injunctive and declaratory relief asserted on behalf of three minor children ("Named Minors" or "Plaintiffs") and a proposed class of those similarly-situated.  The FAC alleges that federal agency and official defendants ("Federal Defendants") have legal custody of the Named Minors.  *See* FAC ¶¶ 10, 12, 14.  All allegations of unlawful conduct are directed at those defendants.  By contrast, Plaintiffs make no allegations of unlawful conduct against defendant Brent Cardall, the Chief Probation Officer for Yolo County ("Cardall").  Even if a viable claim were stated against Cardall, he does not have custody of the Named Minors and cannot be the subject of a habeas petition.  Similarly, any injunctive or declaratory relief claims arising from Cardall's oversight of the Yolo County Juvenile Detention Facility are moot, as Plaintiffs acknowledge that the two Named Minors housed in Yolo County are no longer there.  Consequently, Cardall should be dismissed from this action.

**II.    ARGUMENT**

**A.     The FAC fails to allege a factual basis for relief against Cardall.**

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in a complaint.  *See Strom v. United States*, 641 F3d 1051, 1067 (9th Cir. 2011).  A motion to dismiss must be granted where the complaint fails to meet Rule 8(a)(2)'s requirement that a pleading contain "a short, plain statement of the claim showing that the pleader is entitled to relief." "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)).

While the FAC devotes considerable text to describing the roles and conduct of the Federal Defendants, the FAC contains no such allegations as to defendant Cardall.  The FAC only alleges

that Cardall "is responsible for providing care and custody to unaccompanied minor children through a contract with ORR," but acknowledges that none of the Named Minors are presently in his care (and one never was). FAC ¶¶ 10, 12, 14. Nowhere does the FAC allege any wrongful conduct by Cardall as to any Plaintiff.

In contrast to the paucity of allegations against Cardall, the FAC offers a thorough description of the Federal Defendants' exclusive responsibility for challenged aspects of the arrest, detention, and custody of Plaintiffs. For example (with emphasis added):

- Defendant Elaine Duke is the Acting Secretary of the U.S. Department of Homeland Security, "the governmental department that <u>is responsible for the arrests of the Plaintiff Class members</u> that are the subject of this litigation." (FAC at 5:21-23.)
- Defendant Thomas D. Homan is "the Acting Director of ICE, the principal investigative agency of DHS <u>that carries out the arrests of UCs</u> that are the subject of this action." (FAC at 5:25-27.)
- Defendant Thomas E. Price, M.D., is the Secretary of Health and Human Services ("HHS"), "the federal agency <u>upon whose orders the individual Plaintiff/Class members were detained</u>." (FAC at 5:8-10.)
- Defendant Steven Wagner, Acting Assistant Secretary of the Administration for Children and Families, heads an office within HHS "that has responsibility for ORR [Office of Refugee Resettlement], the agency that is <u>directly responsible for Plaintiffs' detention</u>." (FAC at 5:11-14.)
- Defendant Elicia Smith, a Federal Field Specialist for ORR, "serves as the <u>approval authority for transfer and release decisions pertaining to unaccompanied minors</u> within the Northern California Region . . . ." ([FAC at 3:6-8.)

These allegations demonstrate that this case is properly directed at the Federal Defendants, and no claim can be asserted against Cardall. At times, however, the FAC blindly combines all

3
DEFENDANT BRENT CARDALL'S MOTION TO DISMISS

Defendants together without distinguishing among them, indiscriminately sweeping up Cardall with the Federal Defendants. While Cardall could arguably be encompassed by various allegations of misconduct attributed generally to "Defendants," it is well established that Rule 8 obligations are not met if a complaint fails to "allege, with at least some degree of particularity, overt actions taken by each defendant." *Rasidescu v. Midland Credit Mgmt., Inc.,* 435 F. Supp. 2d 1090, 1099 (S.D. Cal. 2006). Indeed, a review of the allegations against "Defendants" in the FAC demonstrates that they are directed only at the Federal Defendants and cannot be attributed to Cardall. Accordingly, the FAC should be dismissed in its entirety as to Cardall.

### B. The habeas petition fails as to Cardall, who is not Plaintiffs' immediate custodian.

Even if the FAC alleged facts that could state a claim under Rule 8(a)(2), to the extent the FAC is a true habeas petition, it should be dismissed as to Cardall because he does not have custody over Plaintiffs. Physical custody of an individual petitioner is the hallmark of a proper respondent under the long-standing "immediate custodian" rule discussed in *Rumsfeld v. Padilla,* 542 U.S. 426 (2004) ("[T]he default rule is that the proper respondent [in habeas proceedings] is the warden of the facility where the prisoner is being held…."). The immediate custodian "'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" *Brittingham v. U.S.*, 982 F.2d 378 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

Despite this, Plaintiffs do not allege that the Named Minors are within Cardall's custody. Rather, the Named Minors are in the custody of officials overseeing other facilities that are not named as respondents in this action. *See* FAC ¶ 10 (J.G. transferred to Washington state); *id.* ¶ 12 (A.H. transferred to Dobbs Ferry, NY); *id.* ¶ 14 (detention in Shenandoah, VA, Fairfield, CA, and Lincolndale, NY). Defendant Cardall is unaware of any decision holding that the mere possibility of having <u>potential</u> custody of a petitioner in the unknown future suffices to render one a proper respondent to a habeas petition. Otherwise, Plaintiffs could file habeas petitions on any number of officials overseeing any number of facilities throughout the United States. Just as the many

officials overseeing facilities where Plaintiffs are not housed would not be proper respondents, the habeas petition against Cardall must be dismissed.

In presenting this argument, Cardall anticipates the Court may review the unique issues presented by a habeas petition in the context of an immigration detention. The Circuits are split of whether the Attorney General is a proper respondent in such instances, and the Supreme Court has yet to resolve the issue. *See Rumsfeld v. Padilla,* 542 U.S. 426, 435 n.8 (2004). At least a few post-*Padilla* decisions indicate that the "immediate custodian" rule should not be strictly applied to immigration detentions. *E.g., Carmona v. Aitken,* Case No. 14–cv–05321–JSC, 2015 WL 1737839, at *3, *5 (N.D. Cal. Apr. 10, 2015) (holding the immediate custodian rule inapplicable to an immigration detention); *Sanchez-Penunuri v. Longshore,* 7 F. Supp. 3d 1136, 1141-51 (D. Colo. 2013) (holding the immediate custodian rule inapplicable in a habeas proceeding involving a detainee's right to a bond hearing). And prior to the *Padilla* decision, the Ninth Circuit established an exception to the immediate custodian rule in *Armentero v. INS,* 340 F.3d 1058, 1059-60 (9th Cir. 2003) ("*Armentero I*"). This opinion was later withdrawn and is not precedential authority to this Court. *See Armentero v. INS,* 412 F.3d 1088 (9th Cir. 2005) ("*Armentero II*"). Even so, *Armentero I*'s exception to the immediate custodian rule allowed naming the "the individual in charge of the national government agency under whose auspices the alien is detained" as the "most appropriate respondent," even if that individual was not the immediate custodian. *Armentero I*, 340 F.3d at 1070.

In contrast to the narrow exception to the immediate custodian rule recognized in some Circuits, Cardall is not in charge of immigration policy or a national agency under whose auspices Plaintiffs are detained. *Id.* He is a county official who is far from the "most appropriate respondent" in this case. By contrast, the Federal Defendants have sole legal authority over the custody of Plaintiffs—not Cardall or the head of every far-flung facility in the country that might now or later have custody of Plaintiffs. *E.g.,* 6 U.S.C. § 279(b)(1)(C)-(D), (b)(2)(A); 8 U.S.C. § 1232(b)(1), 1232(c)(2)-(3). As alleged in the FAC, the Federal Defendants alone control every aspect of the detentions challenged in this action. *See* FAC ¶ 5 (describing "unlawful scheme" by

ORR); ¶¶ 10, 12 (while in Yolo, Plaintiffs were "in the custody of ORR until being transferred by ORR"); ¶ 47 (describing Plaintiffs being "placed by ORR in secure care or staff secure facilities"); ¶ 58 (alleging that "ORR determines where the child will be detained"); ¶ 60 (describing "ORR's placement decisions"); ¶ 73 (describing detention by ICE until "formally transferred to ORR custody" when placed at Yolo facility); ¶ 102 (describing ORR's decision to transfer Plaintiff from Yolo facility). No such allegations were directed at Cardall. *Id.*, passim.

Consequently, as to individuals who are not Plaintiffs' immediate custodians, this Court could only properly proceed against the Federal Defendants, if at all, as the only respondents who exercise any control over Plaintiffs' detention. *Gonzalez v. Grondolsky*, 152 F. Supp. 3d 39 (D. Mass. 2016) (finding no prejudice where transferred inmate could refile habeas petition against custodian at new facility). In sum, even applying a flexible standard to the immediate custodian rule, the motion is properly granted because, as set forth above, Cardall is not alleged to either have current custody of Plaintiffs or any control over their confinement. The habeas petition therefore must be dismissed as to Cardall.

**C. Plaintiffs' claims for injunctive and declaratory relief are moot.**

Cardall moves to dismiss the claims seeking injunctive and declaratory relief under Rule 12(b)(1) because the Court lacks subject-matter jurisdiction to order such relief as to Cardall. Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. As such, the plaintiff bears the burden of demonstrating (1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that a favorable decision will redress the injury. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). "It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). Therefore, if a claim becomes moot, a Court lacks subject matter jurisdiction and a Rule 12(b)(1) motion may be brought.

In contrast to a Rule 12(b)(6) motion, which places the burden of persuasion on the defendant, a Rule 12(b)(1) motion places the burden is on the plaintiff as the party seeking to invoke federal jurisdiction. *Adams v. Bain*, 697 F2d 1213, 1219 (4th Cir. 1982). While extrinsic evidence may be considered on a Rule 12(b)(1) motion (*Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003)), this is unnecessary here because the FAC itself discloses the lack of subject-matter jurisdiction as to Plaintiff's claims against Cardall for injunctive and declaratory relief. Therefore, even if Plaintiffs stated a cognizable claim upon which relief could be granted (which they do not--*see* Section A above), the claims must be dismissed for lack of subject-matter jurisdiction.

It is well established that when a plaintiff challenges his or her detention or treatment at a detention facility and is released from that facility, his or her declaratory and injunctive relief claims against the head of the facility become moot. *See Wiggins v. Rushen*, 760 F.2d 1009, 1010 (9th Cir. 1985). The same is true for claims against officials of the facility when the plaintiff is transferred to another facility, because the officials at the former facility are no longer "actually situated to effectuate any prospective relief that this court might afford [plaintiff]." *See Jordan v. Sosa*, 654 F.3d 1012 (10th Cir. 2011) ("Instead of suing the BOP or its director, [plaintiff] has pursued injunctive and declaratory relief only with respect to individual BOP officials at specific penal institutions."). The mootness doctrine arises both on constitutional and prudential grounds. *Id.*

The FAC reveals on its face that Plaintiffs' claims against Cardall—to the extent they can be discerned from the pleadings—are moot. Of the three Plaintiffs, two were once housed in the Probation Department's facility in Yolo County. However, the FAC acknowledges that these Plaintiffs are no longer housed in Yolo County. *See* FAC ¶¶ 10, 12, 14. There is nothing that Cardall can do that can afford Plaintiffs the relief they seek, which is directed squarely at the Federal Defendants. *See* FAC, Prayer for Relief (describing declaration and injunction sought by Plaintiffs). As a result, Plaintiffs have no cause or controversy against Cardall.

Plaintiffs' sole allegation as to Cardall is that each Plaintiff "remains subject to being transferred back to Yolo or another secure or staff secure facility in Northern California at any time." *See* FAC ¶¶ 10, 12, 14. The vague and speculative claim that Plaintiffs might at some future date be transferred to Yolo County does not qualify as an exception to mootness for controversies capable of repetition yet evading review. *See Barrett v. Belleque*, 475 Fed. Appx. 653, 655 (9th Cir. 2012) ("We recognize that the capable of repetition exception can apply to an Oregon inmate who has been transferred to a prison in another state … [but] there is no reasonable expectation that Barrett will be returned to the [Oregon State Prison]."). Indeed, the Federal Defendants—the sole parties who can take the actions Plaintiffs seek to enjoin—are before the Court, and if necessary (which Cardall does not contest) Plaintiffs could join the appropriate custodians if they are detained elsewhere. *Id.* ("Even if there were such an expectation, there is no reason to believe that a federal lawsuit challenging his discipline could not be litigated to completion before his transfer to another facility."). Plaintiffs therefore cannot invoke the exception to the lack of subject-matter jurisdiction over Cardall, and their claims against him must be dismissed.

### III. CONCLUSION

For the reasons set forth above, pursuant to Rule 12(b)(1) and 12(b)(6), defendant Cardall respectfully requests that the Court dismiss all the claims asserted against him in the FAC. Cardall further requests that the Court deny leave to amend as to Cardall. The alleged unlawful conduct challenged in the FAC is the sole provenance of the Federal Defendants. Lacking even the authority to arrest, detain, or otherwise engage in conduct sought to be enjoined by the FAC, Cardall simply does not belong in this case.

Dated: September 14, 2017  PHILIP J. POGLEDICH
COUNTY COUNSEL

By: /s
Philip J. Pogledich
Attorneys for BRENT CARDALL