UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILSA SARAVIA,<br><br>           Petitioner/Plaintiff,<br><br>        v.<br><br>JEFFERSON B. SESSIONS, et al.,<br><br>           Respondents/Defendants. | Case No. 17-cv-03615-VC<br><br>**ORDER REQUESTING RESPONSE TO EMERGENCY APPLICATION**<br><br>Re: Dkt. No. 108 |

The government is ordered to file a response to the emergency application by Monday, December 11, 2017 at 5 p.m. In its response, the government should make sure to address the following, in addition to whatever other points it wishes to make:

Although the Court's preliminary injunction ruling is admittedly ambiguous in places, it appears the government is making implementation of the ruling more complicated than it needs to be. The ruling holds that the government, to justify arrest and continued detention of a noncitizen minor who had previously been placed with a sponsor by ORR, must be able to present evidence at a hearing before an immigration judge that circumstances have changed since ORR made the placement decision. Specifically, the government must present evidence that the minor is dangerous or a flight risk (or that his removal is imminent), and the minor and his sponsor must have the opportunity to rebut the government's showing. If the government loses at this hearing, the minor must be released back to the sponsor. *See* November 20, 2017 Order at 2, Dkt. No. 100 ("Instead of giving those minors a prompt hearing to dispute that their *detention* is now justified based on changed circumstances . . . " (emphasis added)); *id.* ("[F]or any noncitizen minor previously placed with a sponsor who has been arrested on allegations of gang

activity, the government is ordered to provide a hearing before an immigration judge . . . to allow the minor and his sponsor to contest the government's evidence of changed circumstances. The government must restore the minor to the sponsor's custody if such evidence is lacking."). Therefore, even if agents had probable cause to believe that changed circumstances exist when they arrested the minor, if the immigration judge concludes that changed circumstances do not actually exist (that is, if the immigration judge concludes that the minor is not dangerous or a flight risk), the minor must be released back into his previously-approved sponsor's care. *See id.* at 2; *id.* at 31-32 ("[T]he minor must have the opportunity to rebut the government's showing, and, if he does so successfully, the neutral decision maker must have the ability to order a return to the status quo."); *id.* at 44 ("A decision by the immigration judge that the government has not made an adequate showing of changed circumstances, or that the minor has successfully rebutted the showing, requires release into the custody of the previous sponsor.").

It is therefore unclear why the government thinks there needs to be both what it calls a "*Saravia* hearing" and what it calls a "*Flores* hearing" for a minor rearrested by the government after previously being placed with a sponsor by ORR. To the extent the government believes that the preliminary injunction ruling in *Saravia* requires merely prompt adjudication of whether there was probable cause to arrest a minor previously placed with a sponsor, as opposed to prompt adjudication of whether changed circumstances actually exist to justify the minor's continued detention, that is a cramped interpretation of the ruling. To the extent the government believes it would somehow violate the TVPRA or the Ninth Circuit's recent decision in *Flores* to release a minor who falls in this category without re-conducting the suitability assessment previously made by ORR, that seems wrong. First, as has been previously discussed, it is far from clear that minors previously placed with sponsors by ORR who are later rearrested by the federal government should continue to be considered "unaccompanied minors" covered by the TVPRA.[1] Second, even if these minors are covered by the TVPRA, that statute merely requires

---

[1] Query whether this emergency application will force a ruling on that question.

2

ORR to make a determination, before releasing a minor to a sponsor, "that the proposed custodian is capable of providing for the child's physical and mental well-being." 8 U.S.C. § 1232(c)(3)(A). As discussed in the preliminary injunction ruling, ORR has already made that determination with respect to these minors, because ORR has already placed them with sponsors; this language from the TVPRA does not seem to stand for the proposition that ORR must make this determination again if the minor happens to be improperly detained by the federal government after having been released. *See* November 20, 2017 Order at 32-33. The language of the *Flores* ruling appears to be in accord – it says merely that "the TVPRA prevents ORR from releasing an unaccompanied minor from custody unless the agency has identified a suitable custodian . . . ." *Flores v. Sessions*, 862 F.3d 863, 878 (9th Cir. 2017). ORR has already identified suitable custodians for this narrow class of minors, so the release of an improperly-detained minor to a previously-approved sponsor appears consistent with that ruling, not in conflict with it.

If the above analysis is incorrect, the government's response should explain why. In addition, the government should specify and explain whether: (i) it believes that the approach it has taken towards A.H. (with the "combined *Saravia*/*Flores* hearing" and the possibility that detention could continue if the minor loses on the first but wins on the second) is the approach that should be taken towards class members going forward; or (ii) it believes this is a problem unique to A.H. based on his specific circumstances.

Any reply in support of the emergency motion must be filed by Tuesday, December 12, 2017, at 10:00 a.m. The Court is of the tentative view that a hearing will not be required to resolve this emergency motion, but if the parties request a hearing they should include that request in their response and/or reply, after conferring about a mutually acceptable hearing date.

**IT IS SO ORDERED.**

Dated: December 7, 2017

VINCE CHHABRIA
United States District Judge