UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILSA SARAVIA,<br><br>        Petitioner/Plaintiff,<br><br>    v.<br><br>JEFFERSON B. SESSIONS, et al.,<br><br>        Respondents/Defendants. | Case No. 17-cv-03615-VC<br><br>**ORDER RE EMERGENCY APPLICATION CONCERNING RELEASE OF A.H.**<br><br>Re: Dkt. No. 108 |

      In light of the immigration judge's ruling that A.H. is not a danger to the community, A.H.'s emergency application for release from ORR custody is granted.

      A.H. was rearrested roughly six months ago, even though ORR had previously determined that A.H. was not a danger to the community and could be placed with his mother, who is his sponsor. As explained in the preliminary injunction ruling, for a noncitizen minor like A.H. who has previously been placed with a sponsor, the government is required to provide a hearing promptly upon rearrest, to allow the minor to test whether changed circumstances justified the government's decision to rearrest and detain him. By failing to give A.H. a prompt hearing, the government violated his procedural due process rights.

      A.H. has now had a hearing at which an immigration judge ruled that he "proved he was not a danger to the community." Decl. of Julia Harumi Mass (Dec. 6, 2017), Ex. 2, Dkt. No. 108-2. The government therefore must release A.H. to his mother because, when A.H. was finally given the opportunity to test the basis for his detention before an immigration judge, he showed that he was not a danger to the community or a flight risk.

      The government appears to concede that, if it *had* given A.H. a prompt hearing following

his rearrest, and if the immigration judge had ruled at that hearing that A.H. was not a danger to the community, the government would have been required to release A.H. to his mother immediately under this Court's preliminary injunction ruling. This is what will happen in the ordinary course: (i) a minor will have a prompt hearing after rearrest at which the government must present evidence that changed circumstances justify the minor's rearrest and continued detention; (ii) the minor must have the opportunity to rebut that showing; and (iii) if the government fails to present sufficient evidence that the minor is now a danger or a flight risk, or if the minor successfully rebuts the government's presentation, the minor will be released back into his sponsor's custody. But in A.H.'s case, the government argues that, having denied A.H. this hearing for six months, it may now refuse to release A.H. to his mother despite the immigration judge's conclusion that A.H. is not a danger to the community, because it has developed doubts, between the time A.H. was arrested and the time he finally got his hearing, about whether his mother is a suitable sponsor. In other words, the government contends that its violation of A.H.'s due process rights empowers it to refuse to release A.H. to his mother.

That argument is not consistent with due process, or with the remedial purpose of this Court's preliminary injunction ruling. Under these unusual circumstances (which appear to involve A.H. only, or perhaps A.H. and one other minor), where the government arrests a noncitizen minor previously placed with his mother, fails to give the minor a prompt hearing, and develops second thoughts about the suitability of the mother as a sponsor at some point during the detention period, it cannot use those second thoughts as a basis for continuing to detain the minor after an immigration judge has finally found that the minor is not a danger to the community. On these unique facts, the immigration judge's determination that A.H. is not a danger to the community must be understood to have restored the status quo that existed prior to the arrest, requiring A.H.'s release. *See* November 20, 2017 Order at 31-32, Dkt. No. 100.

The government notes that it has appealed the immigration judge's determination that A.H. is not dangerous to the BIA. But the government has not obtained a stay of the immigration judge's order from the BIA, which would be required to continue detaining A.H.

pending the appeal of that order. *See* 8 C.F.R. § 1003.19(i). By no later than December 13, 2017, at 3:00 p.m. Eastern time, the government must inform A.H.'s counsel whether it intends to seek an emergency stay of the immigration judge's ruling from the BIA. If the government does not intend to seek a stay, it must release A.H. by December 13. If the government informs A.H.'s counsel that it intends to seek a stay from the BIA, this ruling will be stayed until December 20, 2017, to allow the government time to seek the stay from the BIA.

**IT IS SO ORDERED.**

Dated: December 12, 2017

_____
VINCE CHHABRIA
United States District Judge