UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILSA SARAVIA, et al.,<br><br>       Petitioners/Plaintiffs,<br><br>    v.<br><br>JEFFERSON B. SESSIONS, et al.,<br><br>       Respondents/Defendants. | Case No. 17-cv-03615-VC<br><br>**ORDER DENYING MOTION TO LIFT STAY**<br><br>Re: Dkt. No. 138 |

      The plaintiffs seek to lift the stay of proceedings in this case, arguing primarily that immediate adjudication of Claim Six is necessary to avoid harm to A.H. and the members of the class provisionally certified as to Claim Two. Claim Six is based in part on alleged interference with state-court and other ongoing proceedings resulting from the minors' detention on the basis of unfounded allegations of gang activity. First Am. Pet. & Compl. ¶¶ 62, 66, 110(h), 110(k), 154, 156, Dkt. No. 31. This aspect of Claim Six does not justify lifting the stay, because A.H. – along with the vast majority of class members so far – has been released from detention. *See* Decl. of Stephen Kang at 1-2, Dkt. No. 138-2. The preliminary injunction provides a mechanism by which class members may continue to seek release from unjustified detention. Further, resolution by the Ninth Circuit of the pending appeal will likely provide guidance on this aspect of the plaintiffs' claim. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Washington v. Trump, No. C17-0141JLR*, 2017 WL 1050354, at *4-5 (W.D. Wash. Mar. 17, 2017).

      Claim Six also includes allegations that A.H. and members of the provisionally certified class are being precluded from seeking and obtaining immigration benefits on the basis of the allegations of gang affiliation themselves. *See* First Am. Pet. & Compl. ¶¶ 63, 81, 110(h),

110(k), 155, 157.  (This is actually best understood as a separate claim because it is distinct from the aspect of Claim Six mentioned in the previous paragraph.)  To the extent the plaintiffs' motion for lifting the stay turns on their inability to *seek* Special Immigrant Juvenile status or other immigration benefits, there appears to be no current basis for that claim because named plaintiff A.H.'s attorney has been able to submit his SIJ status application to USCIS for consideration.  Decl. of Timothy Greenberg ¶¶ 3-6, Ex. A, Dkt. No. 145-1.  To the extent the plaintiffs' argument for lifting the stay turns on their inability to *obtain* SIJ status or other immigration benefits based on the same allegations of gang activity found insufficient by an immigration judge to justify detention, this portion of the claim is not a basis for lifting the stay at this juncture either.  A.H. has shown neither that his SIJ status application was rejected on the basis of the allegations the IJ found insufficient to justify his detention nor that this Court can make a firm prediction that the status he seeks will be denied on that basis.  *See Chang v. United States*, 327 F.3d 911, 922 (9th Cir. 2003).[1]

Accordingly, the plaintiffs' motion to lift the stay of proceedings pending appeal is denied without prejudice.  Should circumstances change, the plaintiffs may file a new motion.

**IT IS SO ORDERED.**

Dated: April 9, 2018

VINCE CHHABRIA
United States District Judge

---

[1] The Court is not aware of any reason why individual class members whose SIJ status or other applications were denied, revoked, or unreasonably delayed on the basis of gang affiliation, even after an IJ found the government's allegations insufficient to support detention, would be unable to seek relief on an individual basis in a separate proceeding.