UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILSA SARAVIA,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS, et al.,<br><br>    Defendants. | Case No. 17-cv-03615-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO CLARIFY THE CLASS DEFINITION**<br><br>Re: Dkt. No. 160 |

      The plaintiffs have filed a motion to clarify the provisional class definition – a motion that appears to be, in part, an effort to expand the class definition. The motion is granted in part and denied in part.

      To the extent the plaintiffs seek to clarify that the provisional class is not limited to minors who are taken into DHS custody *solely* on allegations of gang affiliation (and who otherwise meet the class definition), but rather includes those minors taken into custody based partly on allegations of gang affiliation, their motion is granted. Nowhere does the preliminary injunction ruling suggest that it would not apply to a minor who otherwise meets the class definition and is taken into DHS custody based partly on allegations of gang affiliation and partly on other factors. Because the preliminary injunction ruling was already clear on this point, the government must apply this ruling both retrospectively and prospectively.

      However, to the extent the plaintiffs seek to "clarify" that the provisional class includes any minor who otherwise meets the class definition and for whom DHS happens to have information about gang affiliation when he is taken into custody, their motion is denied. This aspect of the plaintiffs' motion appears directed primarily at minors taken into DHS custody

through the Criminal Alien Program, or "CAP." But to the extent a minor is automatically transferred from local custody to DHS custody through CAP based on a factor such as a conviction or arrest, the fact that DHS happens to possess information about gang affiliation would not place that minor in the provisional class. Presumably if DHS made a discretionary decision to take a minor who otherwise meets the class definition into custody through CAP based in part on allegations of gang affiliation, this minor would be a member of the provisional class, but the parties have not provided the Court with enough information about how CAP operates to assess whether that takes place. The plaintiffs may conduct discovery related to unaccompanied minors previously placed with sponsors who are subsequently taken into custody through CAP or other similar programs, because this issue squarely relates to the due process claim brought on behalf of the class.

To the extent there are any further disagreements over the application of the provisional class definition, this written ruling controls, rather than any comments the Court made during the hearing.

**IT IS SO ORDERED.**

Dated: December 3, 2018

_____

VINCE CHHABRIA
United States District Judge