UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILSA SARAVIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFERSON B. SESSIONS, et al.,<br><br>　　　　　Defendants. | Case No.  17-cv-03615-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO CLARIFY THE COURT'S DECEMBER 3, 2018, ORDER**<br><br>Re: Dkt. No. 181 |

　　　　The defendants have filed a motion for clarification, in which they seek guidance on the application of the preliminary injunction to two unaccompanied minors, Y.M.M.C. and K.D.C.S. The defendants also request clarification on the general application of the Court's December 3, 2018, order. The motion is granted in part and denied in part.

　　　　1. Whether an unaccompanied minor can be released from ORR custody involves two questions: (1) whether the minor is a danger to the community or a flight risk; and (2) whether there is a suitable sponsor to whom the minor can be released. The preliminary injunction involves the procedures that must be made available to challenge the government's decision to take a released minor back into custody when the government has changed its mind on the first question, operating on the assumption that the answer to the second question has remained the same. The government has now presented two minors who were detained after encounters with local law enforcement, but who, the government alleges, cannot be safely returned to their original sponsors. According to the government, both minors might be members of the *Saravia* class, but the government is concerned that if it provides them with hearings, and if the hearings result in a conclusion by an immigration judge that the minors are still not a danger to the

community or a flight risk, and if ORR then fails to release the minors on the ground that the sponsors are no longer suitable, the government will be deemed out of compliance with the preliminary injunction.

The government need not be concerned about this. The preliminary injunction ruling requires the release of minors who were rearrested after previously being placed with a sponsor when an immigration judge concludes that changed circumstances do not exist with respect to their being a danger or a flight risk, but only if there is a suitable sponsor. In other words, the preliminary injunction ruling did not override HHS's obligation under the TVPRA to ensure that minors are placed with custodians "capable of providing for the child's physical and mental well-being." 8 U.S.C. § 1232(c)(3)(A). To resolve the presumably very small percentage of cases where the government believes it cannot comply with the TVPRA by releasing minors to their previously-designated sponsors, ORR should follow its existing policies for unaccompanied minors.[1] *See* U.S. Department of Health and Human Services, ORR Guide: Children Entering the United States Unaccompanied, available at https://perma.cc/4QCP-CQGD (last visited Jan. 25, 2018). This includes, of course, making sure that the minors are not held in a more restrictive facility than necessary.

2. With respect to the defendants' general request for a further ruling regarding the class definition, the motion is denied. The defendants' brief largely repeats the arguments made with respect to the prior motion for clarification. *See* Dkt. No. 173. Until the parties have had a chance to complete discovery and provide the Court with additional information surrounding the defendants' policies, it is not appropriate to revisit the class definition, or to pre-adjudicate all the possible situations in which it might be difficult to determine whether a minor is a member of the provisional class. However, as discussed at the hearing, the government should, when in doubt,

---

[1] The Court is cognizant of its prior order rejecting the government's arguable attempt to use sponsor suitability to flout the preliminary injunction as to A.H., the named plaintiff. *See* Dkt. No. 117. But there is no indication that the government has engaged in similar conduct since then, and certainly no indication that it's doing so with respect to the two minors currently at issue.

2

err on the side of providing a hearing. And agents in the field must, when in doubt, consult with counsel.

**IT IS SO ORDERED.**

Dated: January 25, 2019

                                                                         _____
                                                                         VINCE CHHABRIA
                                                                         United States District Judge