| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA<br>WILLIAM S. FREEMAN (SBN 82002)<br>SEAN RIORDAN (SBN 255752)<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415) 621-2493<br>Facsimile: (415) 255-8437<br>Email: wfreeman@aclunc.org<br>       sriordan@aclunc.org<br><br>COOLEY LLP<br>MARTIN S. SCHENKER (SBN 109828)<br>ASHLEY K. CORKERY (SBN 301380)<br>EVAN G. SLOVAK (SBN 319409)<br>101 California Street, 5th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br>Email: mschenker@cooley.com<br>      acorkery@cooley.com<br>      eslovak@cooley.com<br><br>LAW OFFICES OF HOLLY S. COOPER<br>HOLLY S. COOPER (SBN 197626)<br>P.O. Box 4358<br>Davis, CA 95617<br>Telephone: (530) 574-8200<br>Facsimile: (530) 752-0822<br>Email: hscooper@ucdavis.edu<br><br>Attorneys for Plaintiff | ACLU FOUNDATION IMMIGRANTS' RIGHTS PROJECT<br>STEPHEN B. KANG (SBN 292280)<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415) 343-0770<br>Facsimile: (212) 395-0950<br>E-mail: skang@aclu.org<br><br>NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>CHRISTOPHER DUNN<br>AMY BELSHER<br>JESSICA PERRY<br>125 Broad Street, 19th Floor<br>New York, NY 10004<br>Telephone: (212) 607-3300<br>Facsimile: (212) 607-3318<br>Email: dcunn@nyclu.org<br>      abelser@nyclu.org<br>      jperry@nyclu.org |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Ilsa Saravia, as next friend for A.H., a minor, and on behalf of herself individually and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>William Barr, Attorney General, et al.,<br><br>    Defendants. | Case No. 3:17-cv-03615-VC<br><br>Honorable Vince Chhabria<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT** |

Plaintiff Ilsa Saravia has filed a Motion for Preliminary Approval of the class action settlement reached with Defendant William Barr ("Government"), a hearing on which was held on October 15, 2020. The Court has carefully considered the Settlement Agreement together with all exhibits thereto, all the filings related to the Settlement, the arguments of counsel, and the record in this case. The Court hereby gives its preliminary approval of the Settlement; finds that the Settlement and Settlement Agreement are sufficiently fair, reasonable and adequate to allow dissemination of notice of the Settlement to the Settlement Class and to hold a Fairness Hearing; orders the Class Notice be sent to the Settlement Class in accordance with the Settlement Agreement and this Order; and schedules a Fairness Hearing to determine whether the proposed Settlement is fair, adequate and reasonable.

**IT IS HEREBY ORDERED THAT**:

1. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Settlement Agreement.

2. The Court preliminarily approves the Settlement and Settlement Agreement, finding that the terms of the Agreement are fair, reasonable, and adequate, and within the range of possible approval and sufficient to warrant providing notice to the Settlement Class.

3. Pursuant to Fed. R. Civ. P. 23(a) and (b)(2), and (e), the Court certifies, for settlement purposes only, the following Settlement Classes comprised of Unaccompanied minors who were detailed by the Government, released by the Office of Refugee Resettlement ("ORR") to a parent or sponsor ("Sponsored UCs"), and subsequently rearrested and detained by the Government on allegations of gang affiliation:

    a. "[A]ll noncitizen minors meeting the following criteria: (1) the noncitizen minor came to the United States as an unaccompanied minor; (2) the noncitizen minor was previously detained in ORR custody and then released by ORR to a sponsor; and (3) the noncitizen minor has been or will be rearrested by DHS on the basis of a removability warrant based in whole

or in part on allegations of gang affiliation. This class expressly excludes arrests of noncitizen minors who already are subject to final orders of removal.

4. The Court finds, for settlement purposes only, that the Action may be maintained as a class action on behalf of the Settlement Class because:

    a. Numerosity: Class Counsel estimates that over forty children have received *Saravia* hearings and many others have benefitted from the deterrent effect of the hearings. This satisfies the Rule 23(a)(1) numerosity requirement.

    b. Commonality: The threshold for commonality under Rule 23(a)(2) is not high and a single common issue will suffice. Plaintiff alleges, among other things, that the Claims 1-3 Settlement Class raises a common question of whether the Government violates the Fifth Amendment's Due Process Clause and other applicable federal laws when it seeks to rearrest Sponsored UCs based in whole or in part on allegations of gang affiliation. Similarly, the Claim 4 Subclass turned on whether the Government uniformly applied government policies to all Class Members. These issues are common to the Settlement Class.

    c. Typicality. All class members are at risk of the same injury and the action is not based on conduct unique to the named Plaintiff. Therefore Plaintiff's claims are typical of the claims of the Settlement Class Members and satisfy Rule 23(a)(3).

    d. Adequacy: There are no conflicts of interest between Plaintiff and Settlement Class members and Plaintiff has retained competent counsel to represent the Settlement Class. Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is satisfied.

    e. Predominance and Superiority: There is predominance and superiority. A

class action is superior to other available methods for the fair and efficient adjudication of this controversy. The common legal and factual issue listed in the preliminary approval papers predominate over all other issues. Resolution of the common question constitutes a significant part of Plaintiff's and Settlement Class Members' claims.

5. The Court appoints as class representatives, for settlement purposes only, Plaintiff Ilsa Saravia. The Court finds, for settlement purposes only, that Plaintiff will adequately represent the Settlement Class.

6. Pursuant to Federal Rule of Civil Procedure 23(g), and for settlement purposes only, the Court designates as Class Counsel the law firm of Cooley LLP. The Court preliminarily finds that, based on the work Class Counsel have done identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in handling class actions and claims of this type asserted in this Action; Class counsel's knowledge of the applicable law; and the resources Class Counsel have and will commit to representing the class, that Class Counsel have represented and will represent the interests of the Settlement Class fairly and adequately.

7. The Court finds that the proposed Class Notice and the proposed plan of distribution of the Class Notice meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), and hereby directs Plaintiff to proceed with the notice distribution in accordance with the terms of the Agreement.

8. Any Settlement Class Members who wishes to opt out from the Agreement must do so within 60 days of the Mailed Notice Date and in accordance with the terms of the Agreement.

9. Any Settlement Class Members who wishes to object to the Agreement must do so within 60 days of the Mailed Notice Date and in accordance with the terms of the Agreement.

10. The Court finds that the Notice plan, including the form, content, and method of dissemination of the Class Notice to Settlement Class Members as described in the Settlement Agreement, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the lawsuit and the Settlement and of

their right to object to or exclude themselves from the proposed Settlement;

(iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of Federal Rule of Civil Procedure 23 and due process.

11. The Court approves the procedures set forth in the Settlement Agreement and the Notice of Settlement of Class Action for exclusions from and objections to the Settlement.

12. The Court directs that a hearing be scheduled on _____, 2020 at _____ a.m./p.m. (the "Fairness Hearing") to assist the Court in determining whether the Settlement is fair, reasonable and adequate; whether Final Judgment should be entered dismissing with prejudice Defendants in the above-captioned action. Plaintiff shall file a motion for final approval of the Settlement no later than 14 days before the Fairness Hearing.

13. Plaintiff may file motions for attorneys' fees and costs and has represented that the parties intend to negotiate fees and costs without the need for motion practice. Should motion practice prove necessary, Plaintiff's motion for fees and costs shall be filed at a date and time consistent with the deadlines set forth in the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(d).

14. Neither the Settlement, nor any exhibit, document or instrument delivered thereunder shall be construed as or deemed to be evidence of an admission or concession by Defendants of an interpretation of, any liability or wrongdoing by Defendants, or of the truth of any allegations asserted by Plaintiff, Settlement Class Members or any other person.

15. If the Settlement is not finally approved, or the Effective Date does not occur, or the Settlement is terminated under its terms, then (a) all parties will proceed as if the Settlement (except those provisions that, by their terms, expressly survive disapproval or termination of the Settlement) had not been executed and the related orders and judgment had not been entered, preserving in that event all of their respective claims and defenses in the action; and (b) all releases given will be null and void. In such an event, this Court's orders regarding the Settlement, including this Preliminary Approval Order, shall not be used or referred to in litigation for any purpose. Nothing in the foregoing paragraph is intended to alter the terms of the Settlement Agreement with

respect to the effect of the Settlement Agreement if it is not approved.

16. Plaintiff's Motion for Preliminary Approval of Proposed Class Settlement ("Motion") is hereby GRANTED. The Court hereby preliminarily approves the proposed class-wide injunctive relief settlement set forth in the Settlement Agreement (attached to Plaintiff's Motion), hereby certifies the proposed class of immigrant minors described in the Settlement Agreement for settlement purposes, hereby approves the proposed form and plan of notice (attached to Plaintiff's Motion), and hereby schedules a final fairness hearing for _____, 2020.

**IT IS SO ORDERED.**

Date: _____, 2020

_____
The Honorable Vince Chhabria
United States District Judge