UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Ilsa Saravia, as next friend for A.H., a minor, and on behalf of herself individually and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>William Barr, Attorney General, et al.,<br><br>Defendants. | Case No.  3:17-cv-03615-VC<br><br>Honorable Vince Chhabria<br><br>**ORDER CERTIFYING THE SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Upon consideration of the Plaintiff's Motion for Final Approval of Class Action Settlement and Certification of Settlement Class;

WHEREAS, the named Plaintiff alleges that she on behalf of minor A.H. and members of the Settlement Class were injured as a result of Defendants' actions;

WHEREAS, the Court issued a class-wide preliminary injunction for a provisionally certified class of Sponsored UCs requiring that the Government establish changed circumstances or dangerousness at a *Saravia* Hearing to justify the Sponsored UC's rearrest and to support continued detention, *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197-98 (N.D. Cal. 2017), *affirmed* 905 F.3d 1137 (9th Cir. 2018);

WHEREAS, the parties executed a finalized settlement agreement between the parties on September 15, 2020 ("Settlement");

WHEREAS, on October 16, 2020, the Court granted preliminary approval of the Settlement, approved the proposed notice plan, and provisionally certified the Settlement Class; and

WHEREAS, the Court has considered the Agreement, arguments presented at the fairness hearing held on January 14, 2021, and all other submissions in connection with the parties' request for final approval of the Agreement and certification of the Settlement Class set forth in the Settlement for the purposes of settlement only, and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**.

**Final Approval of the Settlement**

2. The form and method by which notice was given to the Settlement Class met the requirements of due process, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

3. The Court finds that: (a) the Settlement is fair, reasonable, and adequate in accordance with Fed. R. Civ. P. 23(e)(2); (b) the Settlement was negotiated at arm's length by

experienced counsel acting in good faith; and (c) there has been adequate opportunity for experienced counsel to evaluate the claims and risks at this stage of the litigation.

4. The Court therefore finds that final approval is appropriate and hereby grants final approval of the Settlement. The parties are directed to consummate the Agreement according to its terms. The Agreement and every term thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of the Court.

**Certification of the Settlement Class, Appointment of Settlement Class, Representative, and Appointment of Lead Counsel**

5. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Settlement Agreement

6. For purposes of the Settlement, and only for that purpose, and without an adjudication on the merits, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court finds that the requirements for a class action are met, and hereby defines the following class.

7. Pursuant to Fed. R. Civ. P. 23(a) and (b)(2), and (e), the Court certifies, for settlement purposes only, the following Settlement Class comprised of Unaccompanied minors who were detailed by the Government, released by the Office of Refugee Resettlement ("ORR") to a parent or sponsor ("Sponsored UCs"), and subsequently rearrested and detained by the Government on allegations of gang affiliation:

  a. [A]ll noncitizen minors meeting the following criteria: (1) the noncitizen minor came to the United States as an unaccompanied minor; (2) the noncitizen minor was previously detained in ORR custody and then released by ORR to a sponsor; and (3) the noncitizen minor has been or will be rearrested by the Department of Homeland Security on the basis of a removability warrant based in whole or in part on allegations of gang affiliation. This class expressly excludes arrests of noncitizen minors who already are subject to final orders of removal

The Settlement then includes a sub-class specific to Claim 4 (the "Claim 4 Benefits Subclass"), which is defined as follows:

> b. [This class includes] all Settlement Class Members who also applied for asylum, Special Immigrant Juvenile ("SIJ") status, T or U nonimmigrant status, or a waiver of inadmissibility or application for adjustment of status that is related to such an application for asylum, SIJ status or T or U nonimmigrant status, before the age of 21, and had or will have an application for asylum, SIJ status, T or U nonimmigrant status, or a waiver of inadmissibility or adjustment of status that is related to such an application denied by U.S. Citizenship and Immigration Services when any information that the noncitizen is or may have been affiliated with a gang is a basis for the denial.

The Settlement Class is certified for settlement purposes.

8. The Court finds that certification of the Settlement Class is warranted in light of the Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) the claims of the named Plaintiff Saravia on behalf of Minor A.H. are typical of the claims of the Settlement Class Members; and (4) Plaintiff's and Class Counsel will fairly and adequately represent the interests of the Settlement Class Members.

9. The Court also finds that certification of the Settlement Class is warranted in light of the Settlement under the requirements of Federal Rule of Civil Procedure 23(b)(2) because Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

10. The Court appoints as class representatives, for settlement purposes only, Plaintiff Ilsa Saravia. The Court finds, for settlement purposes only, that Plaintiff will adequately represent

the Settlement Class.

11. Pursuant to Federal Rule of Civil Procedure 23(g), and for settlement purposes only, the Court designates as Class Counsel the law firm of Cooley LLP. The Court finds that, based on the work Class Counsel have done identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in handling class actions and claims of this type asserted in this Action; Class Counsel's knowledge of the applicable law; and the resources Class Counsel have and will commit to representing the class, that Class Counsel have represented and will represent the interests of the Settlement Class fairly and adequately.

**Other Provisions**

12. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession by Defendants of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or of a lack of merit of Plaintiff's allegations.

**IT IS SO ORDERED.**

Date: January 19, 2021

_____
The Honorable Vince Chhabria
United States District Judge